UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the registered holders of GSAMP Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2,<br><br>    Plaintiff,<br>  v.<br><br>PATRICIA PROSEN TAPLA, SANDRA PROSEN, NOEMI NELLY PROSEN, as Trustee under the provisions of the Noemi Nelly Prosen Declaration of Trust Dated December 28, 2007 and unto all and every successor or successors in trust under said declaration of trust,<br><br>    Defendant. | Case No. 11 C 4338<br><br>Judge Joan H. Lefkow |

## OPINION AND ORDER

Plaintiff, Deutsche Bank National Trust Company ("Deutsche"), filed a complaint seeking to foreclose on a mortgaged property owned by Defendant, Patricia Prosen Tapla. Deutsche's predecessor loaned Tapla funds to purchase the property and Tapla executed a promissory note secured by a mortgage on the property. Deutsche alleges that Tapla defaulted on the loan payments. As an affirmative defense, Tapla alleges that Deutsche lacks standing and is not the proper party to bring the foreclosure action. Presently before the court are (1) Deutsche's motion for summary judgment [dkt. 33] requesting that the court enter a judgment of foreclosure in its favor, enter an award of $747,187.45 as of August 17, 2011 with interest, plus attorneys' fees, and other costs and expenses; and (2) Deutsche's motion for the appointment of

a Special Commissioner [dkt. 36].[1]  For the reasons that follow, the court grants both motions.

## BACKGROUND[2]

On or about July 16, 2006, New Century Mortgage Corporation ("New Century") and Tapla executed a loan agreement in which New Century lent Prosen $665,000 to purchase real property located in Chicago, Illinois.  Tapla granted New Century a mortgage in the property securing the promissory note that she executed to repay the loan amount.  The note required Tapla to pay interest at a yearly rate and make monthly payments.  In addition, New Century indorsed the note in blank.  In connection with a pooling and servicing agreement dated June 1, 2006, New Century transferred its ownership interest in the mortgage loan at issue to Deutsche.  The agreement also provided that New Century would deliver the original note to Deutsche at that time.  On June 15, 2009, New Century formally assigned the mortgage to Deutsche.  Beginning in January 2011, Tapla failed to make the monthly installments of principal, interest, taxes, insurances and other escrow items due on the note.  On June 25, 2011, Deutsche filed suit against Tapla seeking to foreclose on the property and collect on the note.

Deutsche included the mortgage and promissory notes as exhibits to its complaint.  Deutsche also attached an affidavit of debt sworn by James English, a Contract Management Coordinator for Ocwen Loan Servicing, LLC ("Ocwen"), which is the entity responsible for servicing Tapla's loan.  English averred that he is familiar with business records maintained by Ocwen for the purposes of servicing mortgage loans, collecting payments and pursuing any

---

[1] The court has jurisdiction pursuant to 28 U.S.C. § 1332 and venue is appropriate under 28 U.S.C. § 1391(b).

[2] The facts in the Background section are taken from Deutsche's Northern District of Illinois Local Rule 56.1 statement of facts.  Because Tapla did not file a response to Deutsche's statement of facts, they are deemed admitted.  *See* N.D. Ill. L.R. 56.1(b)(3)(B).

delinquencies.  In addition, English averred that those documents are kept in the ordinary course of business.  English calculated that Tapla owes $747,187.45 as of August 17, 2011 plus attorneys' fees based on her default.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (a). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record.  Fed. R. Civ. P. 56(e) & advisory committee notes (1963 amend.).  While the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), where a claim or defense is factually unsupported, it should be disposed of on summary judgment.  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "[T]he movant's initial burden 'may be discharged by showing—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case.'"  *Modrowski* v. *Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 323).  "Upon such a showing, the nonmovant must then 'make a showing sufficient to establish the existence of an element essential to that party's case.'" *Id*. (quoting *Celotex*, 477 U.S. at 322).

## ANALYSIS

Tapla alleges in her answer that the proper party to bring a foreclosure action is New Century and that Deutsche lacks standing to bring this lawsuit.  New Century, argues Deutsche,

3

indorsed the note in blank and Deutsche has standing to bring this lawsuit because it is currently in possession of the note.

To have standing to enforce a promissory note, a plaintiff must establish that (1) the defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no other defenses. *See U.S. Bank Nat'l Ass'n* v. *Carroll*, No. 11 C 6535, 2013 WL 3669320, at *2 (N.D. Ill. July 12, 2013). Tapla acknowledges that she executed the note and does not dispute that she defaulted on the loan; the only issue is whether Deutsche has standing to sue, which in turn, centers on whether Deutsche is the holder of the note.

Under Illinois law, a person entitled to enforce a note includes its holder and a nonholder in possession of the instrument who has the rights of the holder. *See* 810 Ill. Comp. Stat. 5/3-301. "A note indorsed in blank 'becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed.'" *U.S. Bank Nat'l Ass'n*, 2013 WL 3669320, at *3 (quoting 810 Ill. Comp. Stat. 5/3-205(b)). A person in possession of a note payable to bearer is deemed the holder of the instrument, *see* 810 Ill. Comp. Stat. 5/1-201(b)(21)(A), and is entitled to enforce the instrument. *See* 810 Ill. Comp. Stat. 5/3-301; *Bank of N.Y. Mellon* v. *Fleming*, No. 11 C 3573, 2013 WL 241153, at *2 (N.D. Ill. Jan. 18, 2013). Here, as Deutsche is in possession of the note indorsed in blank, it obtained the rights of New Century (the original holder). Because Deutsche is in possession of both the note and the mortgage, it has standing to bring this foreclosure proceeding. Tapla has not offered any evidence to refute Deutsche's standing to bring suit.

Tapla challenges English's affidavit arguing that English lacks the requisite personal knowledge to substantiate the amount due on the note and that his affidavit should be stricken.

4

English, however, averred that he is familiar with Ocwen's record keeping policy and reviewed the records in connection with Tapla's delinquent loan in ascertaining the amount due, which is enough to lay the appropriate foundation to substantiate the amount that Deutsche requests. *See* Fed. R. Civ. P. 56(c)(4); *Lyon Fin. Servs., Inc.* v. *Jude's Med. Ctr., Ltd.*, 10 C 6957, 2011 WL 6029195, at *3 (N.D. Ill. Dec. 5, 2011); *RBS Citizens, N.A.* v. *Ramzanali*, No. 09 C 5248, 2011 WL 2565941, at **1–2 (N.D. Ill. June 29, 2011).[3] Tapla also argues that English needed additional information to verify that he is indeed employed by Ocwen. Tapla requests too much, however, as English need not supplement his affidavit with another affidavit verifying his employment.

Moreover, Tapla challenges the underlying information on which English relied as hearsay. English's affidavit states that those records were part of Ocwen's regularly maintained servicing records. English further stated that the servicing records

> were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Ocwen Loan Servicing, LLC. It is the regular practice of Ocwen Loan Servicing, LLC's mortgage servicing business to make and update its Servicing Records.

Dkt. 34–1. This statement places those records within the protection of the business record exception to the hearsay rule. *See* Fed. R. Evid. 803(6). Tapla also argues that English's incorporating the servicing records in his affidavit runs afoul of the hearsay rule. Because those records fall under the business records exception, English was permitted to rely upon them in substantiating the amount owed to Deutsche. *See, e.g.*, Fed. R. Evid. 1006. Accordingly,

---

[3] The court necessarily disregards any legal conclusions offered in the affidavit, such as English's conclusion that Deutsche owns Tapla's note and mortgage.

because Tapla has provided no evidence demonstrating a genuine issue of material fact for trial, Deutsche's motion for summary judgment to foreclose on the property and collect the amounts due on the note is granted.

## CONCLUSION AND ORDER

For the foregoing reasons, Deutsche's motion for summary judgment [dkt. 33] and to appoint a Special Commissioner [dkt. 36] are granted.

Dated: September 9, 2013

_____
U.S. District Judge Joan H. Lefkow